United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41120
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR CARDOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-902-1
--------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Hector Cardoza appeals from his conviction or possession with intent to distribute cocaine and importation of cocaine. Cardoza contends that the district court erred by denying his motion to suppress his confession. He further contends that the district court committed reversible plain error by sentencing him under the then-mandatory Sentencing Guidelines and that his sentence violated the Sixth Amendment because he was sentenced on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an amount of cocaine greater than the amount that was charged in the indictment and proven at trial.

Cardoza has not demonstrated that his confession was not made as the result of his free and rational choice in the totality of the circumstances. See United States v. Bell, 367 F.3d 452, 461 (5th Cir. 2004). The trickery employed by one agent to obtain a confession backfired and angered Cardoza, and another agent attempted to trick Cardoza after Cardoza already had begun to speak to the agents. Moreover, the trickery employed by the officers did not deprive Cardoza of the knowledge essential to his understanding of his rights and the consequences of waiving them. See Soffar v. Cockrell, 300 F.3d 588, 596 (5th Cir. 2002) (en banc). Finally, Cardoza has not demonstrated that his detention for seven hours without food and with minimal liquid refreshment rendered his confession involuntary. See Muniz v. Johnson, 132 F.3d 214, 219 n.8 (5th Cir. 1998); United States v. Bustamante-Saenz, 894 F.2d 114, 120 (5th Cir. 1990).

Cardoza's sentence was based on the amount of cocaine alleged in the indictment and proved to the jury. In Cardoza's case, the failure to instruct on the precise amount of cocaine did not affect Cardoza's substantial rights and did not constitute reversible plain error. See United States v. Delgado, 256 F.3d 264, 280 (5th Cir. 2001). Moreover, Cardoza cannot demonstrate reversible plain error regarding his sentencing under the then-mandatory guideline sentencing scheme. See United

States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. Apr. 25, 2005). Cardoza presented an argument for leniency that was rejected, and he was sentenced towards the high end of the applicable sentencing range. He cannot show that his sentence would have been significantly different under an advisory sentencing scheme. See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

AFFIRMED.